IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROWAN COMPANIES, INC., ROWAN LUXEMBOURG S.A.R.L., and ROWAN DRILLING (GIBRALTAR) LTD.,<br><br>Plaintiffs,<br><br>vs.<br><br>*M/V FR8 PRIDE*, her engines, tackle, apparel, appurtenances, etc., *in rem*, and FR8 PRIDE SHIPPING CORP., SCORPIO USA, LLC, SCORPIO PANAMAX TANKER POOL LTD., THOME SHIP MANAGEMENT PTE LTD., *in personam*,<br><br>Defendants. | CIVIL ACTION NO. _____<br><br>**This is an Admiralty & Maritime Claim Under FED. R. CIV. P. 9(h)**<br><br>**NON-JURY** |

## VERIFIED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Come now, Plaintiffs, ROWAN COMPANIES, INC., ROWAN LUXEMBOURG S.A.R.L., and ROWAN DRILLING (GIBRALTAR) LTD. (hereinafter referred to as "Plaintiffs"), in the above-entitled and numbered civil action, and file their Verified Original Complaint against the Defendants, *M/V FR8 PRIDE*, her engines, tackle, apparel, appurtenances, etc. (hereinafter referred to as the "*M/V FR8 PRIDE*"), *in rem*, and FR8 PRIDE SHIPPING CORP., SCORPIO USA LLC, SCORPIO PANAMAX TANKER POOL LTD., and THOME SHIP MANAGEMENT PTE. LTD. (hereinafter referred to as "Defendants"), *in personam*, and would respectfully show unto the Court as follows:

## JURISDICTION

1. This is an admiralty action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based in admiralty under 28 U.S.C. § 1333 and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

## PARTIES

2. Plaintiff Rowan Companies, Inc. is a Delaware corporation with its principal place of business located in Houston, Texas.

3. Plaintiff Rowan Luxembourg S.a.r.l. is foreign corporation organized under the laws of Luxembourg.

4. Plaintiff Rowan Drilling (Gibraltar) Ltd. is foreign corporation organized under the laws of Gibraltar.

5. Defendant *M/V FR8 PRIDE*, is a vessel currently engaged in navigation within the Corpus Christi Division of the United States District Court for the Southern District of Texas.

6. Defendant FR8 Pride Shipping Corp. is a foreign company believed to be operated in Singapore.

7. Defendant Scorpio USA LLC is a registered Delaware limited liability company with its principal place of business located in New York, New York.

8. Defendant Scorpio Panamax Tanker Pool Ltd. is believed to be a foreign entity.

9. Defendant Thome Ship Management PTE LTD. is a foreign entity, believed to be operated in Singapore.

## VENUE

10. At all material times, *M/V FR8 PRIDE* was and is a motor vessel engaged in transporting cargo over water for hire and now is or during the pendency of this proceeding will be within the Corpus Christi Division of the United States District Court for the Southern District

of Texas.  *M/V FR8 PRIDE* was and is owned, operated and/or managed by Defendants FR8 Pride Shipping Corp., Scorpio USA LLC, Scorpio Panamax Tanker Pool Ltd., and/or Thome Ship Management Pte. Ltd.

11. Scorpio USA LLC, Scorpio Panamax Tanker Pool Ltd., Thome Ship Management Pte. Ltd., and FR8 Pride Shipping Corp. are companies which are not registered to do business in Texas, but are conducting business in Texas by virtue of their vessel's service to a Texas port.

## FACTS

12. *M/V FR8 PRIDE* is a double hull oil tanker sailing under the Marshall Islands flag, IMO No. 9329760.  On May 2, 2012, at approximately 7:00 a.m., Plaintiffs' *Rowan EXL-1*, a mobile offshore drilling rig, was proceeding inbound to port in order to dock in Ingleside, Texas.  At this time, *M/V FR8 PRIDE* was also proceeding inbound.  During an overtaking maneuver, *M/V FR8 PRIDE*, which was carrying an unspecified amount of crude oil, allegedly lost power and propulsion capabilities.  As a result, *M/V FR8 PRIDE* collided with the *Rowan EXL-1* in the vicinity of Buoy #3 outside of the Aransas Pass channel.

13. In addition to extensive structural and equipment damage, this collision punctured the hull of the *Rowan EXL-1* rig, and it began taking on water.  As a result, the *Rowan EXL-1* rig was required to jack up at its location in order to avoid a total loss.

14. The May 2, 2012 collision was caused by the following acts of negligence and/or fault of the Defendants:

    (a) Failure to properly overtake the *Rowan EXL-1* rig;

    (b) Failure to properly maintain its mechanical, electrical and/or safety systems;

(c) Failure to keep out of the way of the *Rowan EXL-1* rig during the overtaking maneuver;

(d) Failure to comply with 33 U.S.C. § 2071;

(e) Failure to comply with 33 C.F.R. Parts 83, 162, and 164;

(f) Failure to comply with the Inland Rules of Navigation, 33 U.S.C. § 2001, *et seq.*; and

(g) Failure to comply with the International Navigational Rules (72 COLREGS), 33 U.S.C. § 1601, *et seq.*.

15. The aforesaid collision and losses resulting therefrom and all damages occasioned thereby were not caused by any fault, neglect, or want of care on the part of Plaintiffs or anyone else for whose conduct Plaintiffs or the *Rowan EXL-1* rig are responsible but the collision and losses were caused solely by the unseaworthiness and/or the negligence of *M/V FR8 PRIDE* and/or the negligence and mismanagement of Defendants, and/or due to the fault, carelessness and negligence on the part of the employees, servants, master crews and agents of Defendants and *M/V FR8 PRIDE*.

16. The failure of Defendants to properly overtake the *Rowan EXL-1* rig and maintain its mechanical, electrical and/or safety systems in accordance with 33 U.S.C. § 2071, 33 C.F.R. Parts 83, 162, and 164, the Inland Rules of Navigation and the International Navigational Rules is negligence *per se*, which was a producing cause of the collision.

17. Defendants are further liable to Plaintiffs and solely at fault for this May 2, 2012 collision for breach of the Pennsylvania Rule. The PENNSYLVANIA, 86 U.S. (19 Wall.) 125, 22 L. Ed. 148 (1874).

18. As a result of the collision between *M/V FR8 PRIDE* and the *Rowan EXL-1* rig, Plaintiffs have suffered substantial damages composed of, but not limited to, physical damages, loss of use, and loss of profits all which are currently estimated to be in excess of $1,000,000.00.

19. Additionally, the *Rowan EXL-1* was headed into port in order to make minor modifications to the rig in order to immediately mobilize and commence work under a Letter of Award contract between Plaintiffs and the operator. The collision has and will continue to delay Plaintiffs' ability to perform under the terms of said contract, causing Plaintiffs to suffer further economic, loss of use and delay damages.

20. Plaintiffs reserve, at this time, the right to amend their Original Complaint and assert further claims after they have an opportunity to more closely investigate these claims as is their right and privilege under the Federal Rules of Civil Procedure.

21. The foregoing allegations are true and correct and within the jurisdiction of the United States and of this Honorable Court.

WHEREFORE, PREMISES CONSIDERED Plaintiffs respectfully request:

a. That process in do form of law, according to the practices of this Honorable Court, issue against the Defendant, *M/V FR8 PRIDE*, its engines, tackle, apparel, appurtenances, etc., *in rem*, and that all persons claiming an interest in this vessel be duly required to appear and answer under oath all in singular of the matters aforesaid;

b. That process in due form of law issue against Defendants, *in personam*, citing them to appear and answer under oath all and singular the matters aforesaid;

c. That Plaintiffs have a decree against *M/V FR8 PRIDE*, her engines, tackle, apparel, appurtenances, etc., *in rem*, and against Defendants, *in personam*, for damages in excess

of $1,000,000 together with interest from the date of May 2, 2012, and for all costs of court and attorneys' fees;

      d.      That *M/V FR8 PRIDE*, her engines, tackle, apparel, appurtenances, etc., *in rem*, be sold to satisfy the decree of the Plaintiffs herein; and

      e.      That the Honorable Court grant Plaintiffs such other and further relief as to which they may show they are justly entitled at law, in equity, or in admiralty.

Dated: May 18, 2012
Houston, Texas

                              Respectfully submitted,

                              By:   */s/ Steven L. Roberts*
                                      Steven L. Roberts
                                      Attorney-In-Charge
                                      State Bar No. 17019300
                                      Fed. ID No. 956
                             First City Tower
                             1001 Fannin, Suite 3700
                             Houston, Texas 77002
                             Telephone: (713) 470-6100
                             Facsimile: (713) 654-1301
                             steve.roberts@sutherland.com

                             **COUNSEL FOR PLAINTIFFS ROWAN COMPANIES, INC., ROWAN LUXEMBOURG S.A.R.L., AND ROWAN DRILLING (GIBRALTAR) LTD.**

**OF COUNSEL:**

**SUTHERLAND ASBILL & BRENNAN LLP**

Daniel Johnson
State Bar No. 24046165
Fed. ID No. 645939
daniel.johnson@sutherland.com
Juan C. Garcia
State Bar No. 24045914
Fed. ID No. 574941
juan.garcia@sutherland.com

Stephany A. Olsen LeGrand
State Bar No. 24065604
Fed. ID No. 1048883
stephany.olsen-legrand@sutherland.com
1001 Fannin Street, Suite 3700
Houston, Texas 77010
Telephone: (713) 470-6100
Facsimile: (713) 654-1301

## VERIFICATION

| THE STATE OF TEXAS | § |
| --- | --- |
|  | § |
| COUNTY OF HARRIS | § |

BEFORE ME, this undersigned authority, personally came and appeared Darla Mensik, Risk Manager of Rowan Companies, Inc., who, being duly sworn on her oath, declared under penalty of perjury that:

My name is Darla Mensik. I am Risk Manager for Rowan Companies, Inc. As such, I have personal knowledge of the facts contained in Plaintiffs' Original Verified Complaint. I have read the foregoing Plaintiffs' Original Verified Complaint and the facts stated therein are true and correct to the best of my knowledge, information and belief.



_____
Darla Mensik
Risk Manager
Rowan Companies, Inc.

SWORN TO AND SUBSCRIBED before me this 17th day of May, 2012.

_____
Karen A. Rice
Notary Public, in and for the State of Texas

17045705.1